**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSIRIS C. TERRY, | No. 20-16203 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00401-DKW-RT |
| v. | |
| DON QUIJOTE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Osiris C. Terry appeals pro se from the district court's judgment dismissing

for failure to comply with a court order his products liability action. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ferdik*

*v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in dismissing Terry's action under Federal Rule of Civil Procedure 41(b) because Terry failed to comply with the district court's order to file an amended complaint that alleged federal jurisdiction over his claims. *See id.* at 1260-63 (setting forth factors for determining whether a pro se action should be dismissed under Rule 41(b) and requiring "a definite and firm conviction" that the district court "committed a clear error of judgment" to overturn such a dismissal (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Terry's post-judgment motions because Terry failed to demonstrate any basis for relief. *See Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009) (setting forth standard of review and discussing factors for excusable neglect under Fed. R. Civ. P. 60(b)(1)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review and discussing factors for granting a motion for reconsideration under Fed. R. Civ. P. 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-16203